## Richmond

DONALD deY. FREEMAN, ET AL. v. LOIS L. SPROLES.

June 10, 1963.

Record No. 5571.

Present, Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

The opinion states the case.

*Norris E. Halpern (Marc Jacobson; Halpern & Jacobson,* on brief), for the plaintiffs in error.

*Maurice Steingold (Israel Steingold; Steingold, Steingold & Chovitz,* on brief), for the defendant in error.

SNEAD, J., delivered the opinion of the court.

Lois L. Sproles instituted an action against Donald deY. Freeman, Gates Enterprises, Inc., Donlee East Corporation, Donlee Construction Corporation and Cosine Realty Corporation, jointly and severally, for $50,000 compensatory plus $50,000 exemplary damages. She alleged in her motion for judgment that Freeman was the agent and servant of the defendant corporations and was acting within his scope of employment on March 12, 1962, when Freeman did wilfully and maliciously assault and strike her causing personal injuries and that he did maliciously falsely imprison and detain her, all without provocation on her part. The trial court sustained a motion of defendants to quash service on defendant Gates Enterprises, Inc. and an order was entered which changed the style of the case to read: "Lois L. Sproles, plaintiff vs Donald deY. Freeman, Donlee East Corporation and Cosine Realty Corporation, said corporations being partners trading as The Gates Enterprises, and Donlee Construction Corporation, Defendants."

A trial by jury was had. At the conclusion of defendants' evidence, the trial court sustained a motion of defendant Donlee Construction Corporation to strike plaintiff's evidence as to it, and summary judgment was entered in favor of that defendant. Over the objection and exception of defendants the court sustained a motion of plaintiff to strike defendants' evidence as to liability, and the case was then submitted to the jury on the question of damages only. After deliberation the jury returned their verdict for plaintiff in a form the court did not consider proper. This verdict is not a part of or quoted in the record before us. But as a result thereof the following colloquy ensued between the court, counsel and some of the jurors:

"The Court: Say, 'We, the jury, find for the plaintiff in· the amounts as follows against,' and name the three and if you get that space, names of the three parties involved here, then when you get down to punitive, repeat the name of Mr. Freeman, and whoever wrote the verdict, say 'Compensatory.' Say, 'We, the jury, find for the plaintiff in the amount as follows against' write the word 'against' use these three names and then you use the Freeman name as to punitive.

"At this time a juror is writing the verdict in the manner as described by the court.

"The clerk is handing the verdict to the court again.

"The Court: You have Realty Corporation, Donlee Corporation and Gates Enterprises. Gates is out.

"Mr. Israel Steingold: May I suggest, if it's for the plaintiff on compensatory damages, the way it should read: 'We, the jury find for the plaintiff against Freeman and the two corporations trading as Gates Enterprises,' and that's all.

"The Court: That's the way it is. Do you mean to find an additional $5,500.00 against Freeman or a total of $5,500.00 against Freeman? In other words, you have $4,500.00 against the other defendants. Then you include down on the bottom punitive damages against Donald Freeman, the sum of $5,500.00. Do you mean you have $4,500.00 against Freeman for compensatory and an additional $5,500.00, or do you mean a thousand dollars more than the other?

"A Juror: That's correct, $5,500.00 against Donald Freeman.

"The Court: That would be what you intend he should pay, $5,500.00 in all for his activities and the others $4,500.00?

"Several Jurors: That's right.

"The Court: Let the record show that.

"Mr. Israel Steingold: That can't be a proper verdict in this case. That couldn't be a proper verdict in the case.

"The Court: Why couldn't it be? Add compensatory and punitive, $5,500.00 right in front of the word 'punitive,' compensatory and against him and that will be what will be found against him. You don't have to mention what part.

"Mr. Maurice Steingold: I take it from the reading, it's a total of $10,000.00?

"The Court: That's right.

"Mr. Maurice Steingold: If it's compensatory, it should be the three defendants.

"The Court: He's got it that way.

"Mr. Halpern: I thought the juror stated that he found—that the jury found in the amount of $5,500.00.

"The Court: $5,500.00. In other words, they found every body $4,500.00 and against Freeman a thousand dollars more.

"A Juror: $5,500.00, Judge.

"The Court: You didn't mean to say ten thousand against him?

"A Juror: No.

"Mr. Maurice Steingold: Total of $10,000.00.

"The Court: Yes.

"Mr. Maurice Steingold: May we see the verdict?

"The Court: Freeman is not to pay ten thousand; he's to pay forty-five hundred and one.

"Mr. Israel Steingold: Now, the way this is, they have left him out of the corporations and technically speaking it's the jury's verdict, but I'm afraid on appeal this might be so confused, it might have to go back to a new trial.

"The Court: The record shows how the jury answered. The total of $10,000.00.

"Mr. Israel Steingold: The way it's set up, it's got to be wrong; it's got to be fifty-five hundred against Freeman.

"The Court: For both compensatory and punitive.

"Mr. Israel Steingold: If it's the understanding that it's ten thousand, then this will be alright.

"A Juror: The fifty-five hundred has nothing to do with the corporation; that's strictly against Donald Freeman.

"Mr. Halpern: Say that again please sir.

"A Juror: The $5,500.00 is strictly against Donald Freeman.

"The Court: Both compensatory and punitive, I think the record shows it clear after the conversation. I'll read it. Compensatory and punitive $5,500.00. We, the jury, find for the plaintiff in the amounts as follows: Compensatory damages against Realty Corporation—

"Mr. Halpern: Against—

"The Court: Against Gates Enterprises sum of $4,500.00. Against those three corporations and compensatory and punitive damages against Donald Freeman, sum of $5,500.00. Is this your verdict?

"The jurors answered affirmatively."

The final verdict of the jury, written in the courtroom after receiving from the court the verbal instructions hereinbefore mentioned, was in these words and figures.

"We the jury find for the plaintiff for the amounts as follows: Compensatory against Cosine Realty Corporation, Donlee East Corporation and Gates Enterprises the sum of $4,500.00— Compensatory and Punitive against Donald Freeman the sum of $5,500.00."

The defendants' motion to set aside the verdict as being contrary to the law and evidence was overruled, to which action of the court defendants excepted. The judgment order entered on the verdict, which was excepted to and appealed from reads in part:

"Whereupon it is considered by the Court that said *plaintiff re-*

*cover against said defendants the sum of Ten Thousand Dollars* ($10,000.00), $4,500.00 of which are compensatory damages only against the defendants, Cosine Realty Corporation, Donlee East Corporation and *Gates Enterprises, Inc.,* and $5,500.00 of which are compensatory and punitive damages against the defendant, Freeman, \* \* \*." (Emphasis added.)

Although the defendants have made a number of assignments of error we are of opinion that it is only essential that we decide the question whether the court erred in entering this judgment on the verdict as returned by the jury.

It is not clear to us from the colloquy above quoted exactly what the jury intended as their verdict although they did assent to it as amended in open court. The verdict as rendered was irregular and improper, because by it the jury undertook to apportion compensatory damages among the defendants.

In *McLaughlin* v. *Siegel,* 166 Va. 374, 185 S. E. 873, the plaintiff was awarded a joint judgment against a master and his servant for personal injuries received while riding in a vehicle owned by the master and driven by the servant. We held, among other things, that while the master and the servant "may not be joint tort-feasors in the strict sense" their liability to the plaintiff was joint and several and the same principles were applicable. 166 Va. at p. 377.

In 52 Am. Jur., Torts, § 123, p. 458 it is said:

"\* \* \* Indeed, in the absence of statutory authorization, no apportionment of compensatory damages may be made between joint tort-feasors, and in actions against two or more persons for a single tort, it is improper to return two verdicts for different sums against different defendants upon the same trial; there may be only one verdict for a single sum against all who are found guilty of the tort, irrespective of the degree of culpability. This is true even though the defendants plead separately, or are charged with distinct and different acts contributing to the injury. The restriction applies as well where the damages claimed are for an injury to property as where an invasion of personal rights is the wrong complained of." See also 89 C. J. S., Trial, § 508, p. 182.

And in 108 A. L. R. Anno. pp. 793, 794 it is stated:

"Thus, when an action is against several joint tort-feasors, if the finding is against all of them, the verdict should be a single verdict against all for a single sum, and not a several verdict against each defendant either in the same or separate sums; there can be no appor-

tionment of damages as between defendants jointly liable in such a case.* * *."

We said in *Kelly* v. *Schneller*, 148 Va. 573, 581, 139 S. E. 275:

"Whatever the decisions elsewhere, the true rule in this jurisdiction is, that, with one exception (where no harm is done a defendant), in an action against several for a single wrong, the verdict should be a joint one against all found guilty. * * *" See also *Southern Ry. Co.* v. *Fitzpatrick*, 129 Va. 246, 252, 105 S. E. 663; *Remine and Meade* v. *Whited*, 180 Va. 1, 21 S. E. 2d 743; *Brewer* v. *Appalachian Constructors*, 138 W. Va. 437, 76 S. E. 2d 916.

Here, the verdict should have been a joint one for compensatory damages against all defendants and included a separate finding against defendant Freeman for punitive damages, instead of apportioning compensatory damages among the defendants.

Aside from the fact that the verdict was improper, the judgment entered thereon was not in accordance with it. The trial court correctly ruled that the corporate defendants trading as The Gates Enterprises were not liable for punitive damages. This is true because such damages "cannot be awarded against a master or principal for the wrongful act of his servant or agent in which he did not participate, and which he did not authorize or ratify." *Hogg* v. *Plant*, 145 Va. 175, 181, 133 S. E. 759.

The judgment rendered is not clear and unambiguous. The first part of it contains these words: "Whereupon it is considered by the Court that said plaintiff recover against said defendants the sum of * * * ($10,000.00)." That means a judgment for that amount against all defendants and it necessarily includes punitive damages against the corporate defendants for which the court had ruled they were not liable. Following this recitation the order reads that $4,500.00 of this amount "are compensatory damages only against the defendants, Cosine Realty Corporation, Donlee East Corporation and Gates Enterprises, Inc., and $5,500.00 of which are compensatory and punitive damages against the defendant, Freeman, * * *." The provisions are conflicting and we cannot say with certainty what amounts are collectible from the defendants. Moreover the judgment rendered is against "Gates Enterprises, Inc." instead of "Gates Enterprises" as contained in the verdict. Service upon that corporation was quashed before trial of the case and it was no longer a defendant.

Since it is not clear from the colloquy what the jury intended as their verdict and since the verdict itself is improper in that it ap-

portioned compensatory damages and because the judgment rendered on the verdict is defective, our conclusion is that the judgment appealed from should be reversed and the case remanded for a new trial on all issues.

*Reversed and remanded.*