## CIRCUIT COURT OF ARLINGTON COUNTY

Lawrence R. Fellenz

v.

Ford Motor Company,
O'Brien & Rohall, Inc.,
and James M. O'Brien

July 1974

Case No. (Law) 15967

By JUDGE CHARLES H. DUFF

This matter comes on upon hearing of the Demurrer filed on behalf of corporate defendant O'Brien & Rohall, Inc., and individual defendant James M. O'Brien. Various grounds in support of the Demurrer were advanced in argument and after careful consideration thereof I am of the opinion that the Demurrer should be sustained as to the Plaintiff's claim for punitive damages against the corporate defendant.

There appears to be a difference of opinion among the several states as to the basis upon which a corporation may be liable for exemplary damages resulting from acts of its agent. Many courts permit recovery of such damages from acts of corporate agents which are of a nature to justify punitive damages without requiring the previous authorization or subsequent ratification of such acts. Illustrative of this rule are the decisions from Alabama, Illinois, Montana and North Carolina. Other jurisdictions require participation, authorization, or ratification in order to render a corporation liable for exemplary damages. The intent or malice necessary to warrant the imposition of such damages must in some way be brought home to the corporation. See 22 Am. Jur. 2d, Sections 258 and 261. Virginia appears clearly to fall into the latter category.

In *Hogg v. Plant*, 145 Va. 175 (1926), the Court of Appeals commented on this point as follows:

> It must be considered as the settled law of this state that punitive damages cannot be awarded against a master or principal for the wrongful act of his servant or agent in which he did not participate and which he did not authorize or ratify.

See also *Freeman v. Sproles*, 204 Va. 353 (1963).

The Motion for Judgment does not allege that the corporate defendant authorized or ratified the alleged actions of its agent giving rise to punitive damages, nor is there any allegation that the agent was a corporate officer or director. Accordingly, as to the defendant O'Brien & Rohall, Inc., the Demurrer will be sustained to the extent of the claim for punitive damages.

The allegations of the Motion for Judgment are sufficient to support a claim of punitive damages against the individual defendant James M. O'Brien and to support the claim for compensatory damages against both defendants. Both defendants assert that Paragraph 6 precludes warranty recovery as the clear import of the language used is that the car had been driven in excess of 50,000 miles when the transmission failed. This may indeed be the fact. However, the language employed does not, in terms, specifically so state. Accordingly, I am of the opinion that decision on this issue must await reception of appropriate evidence.

Plaintiff will be granted leave to file an Amended Motion for Judgment if he be so advised within twenty-one days from the date of this memorandum.