## CIRCUIT COURT OF THE CITY OF RICHMOND

First and Merchants Nat'l Bank

v.

American Biophysical Corp.

May 15, 1975

BY JUDGE ALEX H. SANDS, JR.

Immediately after entry of the sketch for judgment order presented by plaintiff, questions presented themselves as to whether the judgment in its present form could be properly recorded or execution issued thereon. In considering these problems, certain thoughts occur to me concerning the validity of the judgment itself.

As a common law judgment, the sketch presented is fatally defective in two respects: (a) it is conditional in form, and (b) it is uncertain as to amount.

In the first place, this is unquestionably a *conditional* judgment as to each of the individual defendants, for while it purports to be for an amount certain as to each defendant, the amount for which the defendant in each instance is to be actually liable is conditioned upon a determination to be reached at a later date. It leaves undetermined the amount which is to be collected from each creditor until the sum of $66,577.94 has been reached. There can, of course, be no conditional judgment in a common law action.

For the same reason, the judgment in each instance is *uncertain*, for the amount for which judgment is entered is, in each case, in all probability, not the amount which will actually be ultimately owed by any defendant. This would appear to violate the accepted rule in this state that the judgment order must be in such form as to demonstrate *with certainty* what amount *is collectible* from each defendant. *Freeman v. Sproles*, 204 Va. 353 (1963). Obviously, the sketch for order leaves this element totally unresolved.

The fault with the sketch presented is thus graphically illustrated in this quotation from 46 Am. Jur. 2d 360:

> It is a fundamental rule that a judgment should be complete and certain in itself, and that the form of the judgment should be such as to indicate with reasonable clearness the decision which the Court has rendered, so that the parties may be able to ascertain the extent to which their rights and obligations are fixed, *and so that the judgment is susceptible of enforcement in the manner provided by law*. A failure to comply with this requirement may render a judgment void for uncertainty. (Emphasis added.)

The first defect can be remedied, perhaps, by a transfer of the case to the equity side of the court where a conditional decree appears to be acceptable. *See Myers, etc. v. Williams*, 85 Va. 621 (1889).

While, however, the judgment embodied in the decree can be conditional, the *amount* must be certain, which is to say that it should be the amount which the defendant is expected to pay, albeit it may be subject to being altered by conditions subsequently arising.

It would seem, therefore, that the decree should award judgment against each defendant in an amount based upon the ratio which the amount of his maximum obligation under his guaranty agreement bears to the total judgment of $66,577.94 with provision that should the full amount so awarded against any defendant prove uncollectible, any deficit would be borne ratably by the remaining defendants up to the limits of their respective exposures.

In summary, I would suggest for counsels' consideration that a sketch for a decree be prepared:

1. Transferring the matter to the chancery side of the Court;

2. Fixing the amount which plaintiff is entitled to recover at $66,577.94 with interest and costs;

3. Awarding judgment against each individual defendant in an amount proportionate to such defendant's maximum exposure to the $66,577.94;

4. Providing that in the event the judgment against any defendant prove uncollectible in whole or in part that such deficit thereby created be borne ratably by the remaining defendants up to the limits of their respective exposures;

5. That as to the issue of attorneys' fees, an issue out of chancery be framed for a jury to determine whether the entitlement to attorneys' fees had been waived; [Should the jury determine that attorneys' fees

had been waived, what would be a reasonable amount under the circumstances could be fixed by either the Court or by the jury.]

6. Execution of the judgment should be suspended until further order of Court.