164

## CIRCUIT COURT OF FAIRFAX COUNTY

Weneta

v.

J. Byron Landscaping
and Nursery, Inc.,
and Andrew Barrett

May 18, 1989

Case No. (Law) 90222

By JUDGE F. BRUCE BACH

This case is before the court on the two demurrers and the motion to dismiss based on the statute of limitations. The motion for judgment prays for damages from defendants, Andrew Barrett and his employer, J. Byron Landscaping, for injuries sustained in a car accident.

The motion to dismiss contends that the accident occurred on April 16, 1987, and therefore had to be filed by April 16, 1989. The suit was in fact filed on April 17, 1989.

Virginia Code § 1-13.3 provides that "when a statute or rule of court requires a notice to be given or an act to be done within a certain time after any event or judgment, that time shall be allowed in addition to the day on which the event or judgment occurred." Therefore, the date of the injury is excluded in the computation of the two-year limitations period for personal injuries. The period begins April 17, 1987, and ends April 16, 1989.

However, this time is extended by Virginia Code Section 1-13.3:1, which provides that when the last day fixed by statute for the commencement of any proceeding falls on a Saturday, Sunday, or legal holiday, the case may be filed on the next day. As April 16, 1989, fell on a Sunday, the case was properly filed on Monday, April 17, 1989. The motion to dismiss is therefore denied.

The demurrer by defendant Barrett contends that the motion for judgment does not state a claim for punitive damages because it states only legal conclusions. This ground is sustained because the plaintiff has not alleged sufficient facts to support the conclusion that the defendant was grossly negligent.

The demurrer of J. Byron Landscaping asserts that the motion for judgment includes only legal conclusions and fails to allege any supporting facts upon which to hold the employer liable. This ground is sustained as the plaintiff has not alleged any facts underlying the negligent entrustment and negligent instructions theories.

The second demurrer also contends that the motion for judgment does not state a claim for punitive damages against the employer. Punitive damages cannot be awarded against a master or principal for a wrongful act of a servant or agent in which he did not participate and which he did not authorize or ratify. *Freeman v. Sproles*, 204 Va. 353 (1963). The demurrer is sustained because the plaintiff has not made these allegations.

In summary, the motion to dismiss is denied, and the demurrers are sustained with leave to amend to the plaintiff.