## CIRCUIT COURT OF FAIRFAX COUNTY

Steven A. Cocoli
and Cynthia A. Cocoli

    v.

Children's World Learning Centers, Inc., et al.

Case No. (Law) 131183

Addison Cocoli,
an infant by Cynthia Cocoli,
his next friend

    v.

Children's World Learning Centers, Inc., et al.

Case No. (Law) 131184

December 28, 1994

BY JUDGE GERALD BRUCE LEE

This matter is before the Court on the Defendants', Children's World Learning Centers, Inc., (CWLC), Amber Knicely Warner, and Julianna E. Lowndes, Motion to Dismiss, Demurrer, and Plea in Bar to Steven and

Cynthia Cocoli's (the parents) Amended Motion for Judgment (Law 131183) and Motion to Dismiss and Demurrer to Addison Cocoli's (the child) Motion for Judgment.[1]

The issues presented are:

(1) Whether the child and the parents have stated sufficient facts to state a cause of action for gross negligence and punitive damages;

(2) Whether the child's Motion for Judgment states a cause of action for assault and battery and intentional infliction of emotional distress;

(3) Whether the child and the parents have stated sufficient facts to state a cause of action for breach of contract and punitive damages; and

(4) Whether the parents' Amended Motion for Judgment states a cause of action for loss of consortium, companionship, and society.

Having considered the argument and memoranda of Counsel, the Court holds that Defendants' Demurrer is sustained in part and overruled in part.

## I. *Facts and Procedural History*

On June 10, 1991, the parents enrolled their fourteen month old son, Addison, in CWLC, a day care center. The parents' Amended Motion for Judgment and the child's Motion for Judgment alleges that CWLC neglected Addison and he was severely injured when he was bitten by an unsupervised toddler in CWLC.

As a result of this incident, Cynthia Cocoli, the child's mother, filed a suit (Law 116690) on her behalf and a suit as the child's next friend (Law 116687) on July 10, 1992. The child's Motion for Judgment claimed negligence, assault and battery, negligent infliction of emotional distress, and punitive damages. Defendants filed a demurrer to the child's Motion for Judgment. Judge McWeeny sustained Defendants' Demurrer to the negligent infliction of emotional distress and for punitive damages counts and overruled the demurrer on the assault and battery count. On February 19, 1993, Judge Bach sustained Defendants' Demurrer to the claim for punitive damages and granted leave to amend. On April 16, 1993, Judge Bach sustained the demurrer to the punitive damages claim.

Cynthia Cocoli's Motion for Judgment asserted fraud and negligent infliction of emotional distress claims. Defendants filed a demurrer to the Motion for Judgment. Judge McWeeny overruled the demurrer to the fraud count and sustained the demurrer to the negligent infliction of emotional

---

[1] References in this opinion are to the parents' Amended Motion for Judgment (AMFJ) and the child's Motion for Judgment (MFJ).

distress count. On October 8, 1993, orders of nonsuit were entered in both cases.

On April 6, 1994, both lawsuits were refiled. The child's Motion for Judgment alleges (1) compensatory and punitive damages for negligence; (2) gross negligence; (3) assault and battery; (4) intentional infliction of emotional distress; and (5) breach of contract against CWLC. The parents' Amended Motion for Judgment alleges (1) the child's medical expenses, loss of his services, consortium, companionship, and society; (2) compensatory and punitive damages for negligence and gross negligence; and (3) breach of contract against CWLC.

## II. Defendants' Demurrer and Motion to Dismiss to the Child's Motion for Judgment

### A. Demurrer

#### 1. Gross Negligence and Punitive Damages

Defendants assert that the child fails to state sufficient facts in his Motion for Judgment to support a cause of action for gross negligence and punitive damages. The child contends that the Motion for Judgment describes Defendants' willful and wanton conduct in disregard for the welfare of the child. Therefore, the child argues the Defendants' Demurrer to gross negligence and punitive damages should be overruled.

Allegations for punitive damages must contain specific facts which support willful and wanton conduct, including allegations that defendant intended its misconduct. *Infant C. v. Boy Scouts of Am.*, 239 Va. 572, 582 (1990). Furthermore, the standard for a claim for punitive damages stated in *Baker v. Marcus*, 201 Va. 905 (1960), is:

> Exemplary damages are allowable only when there is misconduct or malice, or such recklessness or negligence as evinces a conscious disregard of the rights of others. But where the act or omission complained of is free from fraud, malice, oppression, or other special motives of aggravation, damages by way of punishment cannot be awarded, and compensatory damages only are permissible ... *accord Huffman v. Love*, 245 Va. 311, 313-14 (1993).

The terms "willful and wanton conduct" import knowledge and consciousness that injury will result from the act done." *Wallen v. Allen*, 231 Va. 289, 297

(1986). Punitive damages are not recoverable for gross negligence. *See, Infant C. v. Boy Scouts of Am.*, 239 Va. 572 (1990). Punitive damages are not recoverable for ordinary negligence. *Wallen, supra.*

The child's Motion for Judgment in paragraphs 64 and 67 allege that Defendants (1) failed to maintain a proper staff to child ratio; (2) failed to notify the child's mother of an alleged biting incident; (3) failed to separate the child from the biting toddler; and (4) failed to respond to the alleged biting incidents as they occurred. The Court sustains the demurrer because the facts pleaded do not allege that the defendants acted with knowledge that the injury would result from their alleged neglect. *Wallen, supra.* Moreover, the child's Motion for Judgment does not allege that the Defendants acted with malice. The substance of the claim is negligence, that CWLC neglected to protect and supervise this child and the tempestuous toddler. The child's Demurrer is sustained as to Count II, Gross Negligence, and Punitive Damages without leave to amend.

## 2. *Assault and Battery*

Defendants' demur to Count III, Assault and Battery, on two grounds. First, Defendants' assert that the child failed to identify the alleged employee(s) actor(s) involved in the assault and battery. Second, the Defendants assert that the child's allegations fail to demonstrate knowledge of employee acts or CWLC's ratification.

At the demurrer stage, the motion for judgment puts the defendants on notice of what claims are alleged and the basis of those claims. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22 (1993). In the present case, the child's Motion for Judgment alleges that bruises were discovered on both of his arms, which appeared to be a result of being tightly gripped by an adult. (MFJ ¶¶ 74 and 75.) Further, the child's Motion for Judgment alleges that these bruises were not present when he arrived at CWLC. The Court holds that the child has stated a cause of action for assault and battery, and the specific identity of the actors/defendant(s) may be sought in discovery. Defendant's Demurrer to the child's claim of assault and battery is overruled.

The second ground for the Defendants' Demurrer to Count III is that CWLC cannot be held liable for punitive damages based on the acts of its employees unless it ratifies, approves, or participates in the act giving rise to the claim. *Freeman v. Sproles*, 204 Va. 353 (1963). The child does allege that employee(s) and a senior management official were present and participated in the incident. The Court assumes for purposes of the demurrer that the senior management official referred to in the Motion for Judgment may bind the

corporation. However, the Motion for Judgment does not allege CWLC's knowledge of the assault by employees or its ratification of its employees' acts. *Tri State Coach Corp. v. Walsh,* 188 Va. 299 (1948). The Court sustains CWLC's Demurrer to Count III without prejudice, and leave to amend will be granted.

### 3. *Breach of Contract*

CWLC contends the child is not a third-party beneficiary of the parents' and CWLC's contract. The child need only allege that the parents and CWLC intended to directly benefit him and that he was a third-party beneficiary. *Cobert v. Homeowners Warranty Corp.,* 239 Va. 460 (1990). The Court holds that the child's Motion for Judgment pleaded a cause of action for breach of contract based on his status as a third-party beneficiary under the contract. (MFJ ¶¶ 8, 9, 29, and 30.) Accordingly, CWLC's Demurrer to the child's breach of contract claim is overruled.

### 4. *Intentional Infliction of Emotional Distress*

Defendants demur to the child's claim for intentional infliction of emotional distress. To state a cause of action for intentional infliction of emotional distress, the child must allege: (1) Defendants' conduct is intentional or reckless; (2) Defendants' conduct is outrageous and intolerable; (3) Defendants' conduct and emotional distress is causally connected; and (4) the distress is severe. *Russo v. White,* 241 Va. 23 (1991).

Element two is in issue in this demurrer. The child argues that Defendants' "conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality." *Womack v. Eldridge,* 215 Va. 338 (1974). The child alleges that CWLC neglected their responsibility to supervise him and to protect him from a known danger, a tempestuous biting toddler. Defendants' alleged conduct is troubling. Inferring all facts on the child's behalf, the Court finds that the child's Motion for Judgment may show neglect or reflect a dereliction of duty. The child's claim for negligence encompasses his mental anguish, anxiety, and pain and suffering. *Bruce v. Madden,* 208 Va. 636 (1968).

However, the child's claim for intentional infliction of emotional distress fails to allege sufficient facts to meet the high threshold of *Womack* and *Russo* to withstand Defendant's Demurrer. The conduct complained of does not state

a cause of action for intentional infliction of emotional distress.[2] Thus, Defendants' Demurrer to the child's claim of intentional infliction of emotional distress is sustained without leave to amend.

### III. *Defendants' Demurrer, Plea in Bar, and Motion to Dismiss to the Parents' Amended Motion for Judgment*

### A. *Demurrer*

### 1. *Loss of Consortium, Companionship, and Society*

Defendants contend that Virginia does not recognize a cause of action for parental loss of consortium, companionship, and society of an infant. Therefore, the parents' claim of negligence fails to state a cause of action.[3] The parents argue for the creation of a new cause of action.[4] The parents maintain that a parent should be able to recover damages for the loss of consortium, companionship, and society of a child.

This issue is one of first impression. The Court, the parents and Defendants agree that Virginia does not recognize a parent's cause of action for damages based on loss of consortium, companionship, and society. When an infant is injured as a result of negligence, parents experience mental anguish, anxiety, inconvenience, and loss of companionship with their child. However, Virginia law does not provide a remedy to recompense parents for this kind of injury. The trial court does not declare new causes of action; legislation is within the sole province of the Virginia General Assembly. Therefore, the Court holds that the Defendants' Demurrer to the parents' claims of negligence, loss of consortium, companionship and society is sustained without leave to amend.

---

[2] "In short, the rule stated in this section imposes liability for intentionally causing severe emotional distress in those situations in which the actor's conduct has gone beyond all reasonable bounds of decency. The prohibited conduct is conduct which in the eyes of decent men and women in a civilized community is considered outrageous and intolerable. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim 'Outrageous!' " Prosser and Keaton on Torts, (5th ed. 1984), *citing* Restatement of the Law, 1948 Supp., Torts, § 46, Comment g.

[3] Defendants' Demurrer to the parents' claim for gross negligence is also sustained without leave to amend based on section II(A)(1).

[4] *See* generally, *Parent's Right to Recover for Loss of Consortium in Connection with Injury to Child*, 54 A.L.R. 4th 112.

## 2. *Breach of Contract and Punitive Damages*

Next, CWLC argues that the parents' breach of contract claim fails to state a cause of action because they seek to recover personal injury damages under their breach of contract claim. *A & E Supply v. Nationwide Mutual Fire Ins. Co.*, 798 F.2d 669, 671 (4th Cir. 1986) (AMFJ ¶¶ 74, 76, and 77). The parents argue that the damages incurred flow directly from CWLC's breach of contract, or in the alternative, were plainly contemplated by the parties at the time of contracting.

The parents are entitled to seek direct or consequential damages that flow from the breach of contract. *Roanoke Hospital Ass'n v. Doyle & Russell, Inc.*, 215 Va. 796 (1975). Paragraphs 74, 76, and 77 of the parents' Amended Motion for Judgment are clearly a request for personal injury damages based upon a claim of breach of contract. *A & E Supply, supra.* Thus, CWLC's Demurrer to the damages of the breach of contract claim is sustained as to personal injury damages without leave to amend.

CWLC further demurs to the parents' claim for consequential damages on their breach of contract claim for medical expenses, secondary infection, diarrhea, fever, emotional distress, and separation anxiety, etc. (AMFJ ¶¶ 65, 68, 69, 74, 75, and 76.) The parents claim that the parties contemplated that damages/injury may flow from the breach of contract. The Court holds that the child's injuries and medical expenses are not contract damages; these type of damages and expenses are personal injury damages. Consequently, the Court holds that CWLC's Demurrer to the parents' claim for consequential damages is sustained without leave to amend.

CWLC demurs to the parents' claim for punitive damages based upon breach of contract. The parents may state a claim for punitive damages based on a breach of contract only if an independent, willful tort is pleaded. *Kamlar Corp. v. Haley*, 224 Va. 669 (1983); *Wright v. Everett*, 197 Va. 608 (1956). *Wright* and *Kamlar* address the issue of punitive damages in an action for breach of contract. The actions of the breaching party may be a breach of contract and a tort. *Kamlar* at 705. To recover punitive damages, the independent willful tort must stem from a common law duty, and not one existing between the parties solely by virtue of the contract. *Foreign Mission Bd. v. Wade*, 242 Va. 234, 241 (1991). Here, the parents' Amended Motion for Judgment does not allege an independent, willful tort. The parents' claim for gross negligence as pleaded was dismissed. Thus, CWLC's Demurrer to the parents' claim for punitive damages based on the alleged breach of contract is sustained with leave to amend. CWLC's Demurrer to the amount of damages claimed for punitive damages is sustained as the parents may not

recover more than $350,000.00. § 8.01-38.1, Virginia Code (Repl. Vol. 1990 & Cum. Supp. 1994).

## B. *Plea in Bar*

### 1. *Statute of Limitations*

Defendants argue that Steven Cocoli's (father) claims for negligence and gross negligence are barred by the two year statute of limitations for a personal injury. Steven Cocoli responds that his negligence claims are governed by the five year statute of limitations in Virginia Code § 8.01-243(B):

> Every action for injury to property, including actions by a parent or guardian of an infant against a tort-feasor for expenses of curing or attempting to cure such infant from the result of a personal injury or loss of services of such infant, shall be brought within five years next after the cause of action shall have accrued.

The Court finds that this issue is moot. As stated above, Defendants' Demurrer to Steven Cocoli's claims for negligence and gross negligence was sustained without leave to amend. Therefore, Steven Cocoli is precluded from making these allegations in his Amended Motion for Judgment.

### 2. *Res Judicata*

Defendants maintain that Cynthia Cocoli's claims for negligence and gross negligence are barred by the doctrine of *res judicata*. Defendants submit that the allegations contained in the parents' Amended Motion for Judgment are substantially identical to those contained in Cynthia Cocoli's Original Motion for Judgment. Cynthia Cocoli responds that the tort of negligent infliction of emotional distress is distinct from a claim of negligence, gross negligence, and willful and wanton conduct. Therefore, the doctrine of *res judicata* is inapplicable.

The Court finds that this issue is also moot. As stated above in this opinion, Virginia does not recognize a cause of action for loss of consortium, companionship and society. Therefore, Cynthia Cocoli's claim for these causes of action is precluded. Cynthia Cocoli's remedy lies in Virginia Code § 8.01-243(B).

Plaintiff's counsel is granted fourteen days to file an amended motion for judgment in both cases.