**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHAHIN HAGIAN GOLESORKHI; MAHIN
HAGIHA MOSHARI,
<u>Plaintiffs-Appellants,</u>

v.                                                                      No. 96-2211

LUFTHANSA GERMAN AIRLINES,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-95-1723-A, CA-96-666-A)

Submitted: August 5, 1997

Decided: September 10, 1997

Before NIEMEYER and LUTTIG, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen R. Palmer, LAW OFFICES OF STEPHEN R. PALMER,
Alexandria, Virginia; Christopher Patusky, MAHON & PATUSKY,
Washington, D.C., for Appellant. Thomas J. Whalen, Timothy J.
Lynes, Evelyn D. Sahr, CONDON & FORSYTH, Washington, D.C.,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This appeal arises from events that occurred during Shahin Gole-sorkhi's and Mahin Moshari's (the Appellants) flight from Dulles International Airport to Frankfurt, Germany, and a connecting flight to Tehran, Iran, aboard Lufthansa German Airlines (Lufthansa) in December 1994. The Appellants claim that they were so traumatized by their experiences traveling on Lufthansa that they were hospital-ized for severe physical and mental injuries, and continue to suffer physiological and emotional problems. Seeking compensatory and punitive damages in excess of two million dollars, the Appellants filed a five-count complaint alleging: 1) assault; 2) battery; 3) inten-tional infliction of emotional distress; 4) breach of contract; and 5) breach of fiduciary duty. Before the case was submitted to the jury the Appellants dropped their fiduciary duty claims, and the court granted summary judgment on the breach of contact claims, and directed a verdict pursuant to FED. R. CIV. P. 50(a) on the claims of assault, intentional infliction of emotional distress, and Moshari's battery claim. Thus, only Golesorkhi's battery claim was submitted to the jury, and the jury quickly returned a verdict in favor of Lufthansa. Finding no reversible error, we affirm the district court's final judg-ment.

On appeal, the Appellants challenge the district court's decision to exclude evidence related to the Frankfurt to Tehran segment of their flight and two letters written by Golesorkhi that recounted the events of the trip. The Appellants contend that they should have been allowed to present the evidence in order to provide the jury with a complete picture of Lufthansa's conduct. We review the district court's evidentiary rulings for an abuse of discretion.[1]

_____

[1] **See Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co. Inc.**, 74 F.3d 488, 495 (4th Cir. 1996).

2

The district court did not abuse its discretion in finding the Frankfurt to Tehran flight unrelated and nonprobative to the claims associated with the Dulles to Frankfurt flight because the two flight segments were separated by over ten hours and involved completely different flight crews. Further, the letters the Appellants sought to admit into evidence merely recounted the Appellants' versions of the facts. Given that both Appellants testified to what allegedly occurred, the letters were cumulative and properly excluded. Additionally, the reference by Lufthansa to a line in one of the letters during cross-examination did not concern factual allegations, but was intended to show Golesorkhi's propensity to cause disputes. Exclusion of the entire letter was proper because Golesorkhi was allowed to explain her statement in the letter that she was not merely causing another quarrel; however, she was not allowed to corroborate her testimony concerning the events on the plane with hearsay evidence created in anticipation of litigation. We find no abuse of discretion in the exclusion of evidence.

Next, the Appellants assert that the district court erred in granting a directed verdict for Lufthansa on both Appellants' claims of assault and intention infliction of emotional distress, and Moshari's battery claim. The Appellants' claims are without merit because they failed to provide a sufficient evidentiary basis for a reasonable jury to find under Virginia law that an assault, battery, or intentional infliction of emotional distress occurred.[2] This Court reviews the district court's decision to grant a directed verdict de novo.[3]

In Virginia, an assault is an unlawful attempt or threat to do bodily harm to another by force which creates a well-founded fear of imminent peril.[4] It is insufficient for the Appellants to claim that they were terrified by the Lufthansa flight crew; they must establish that the fear was well-founded.[5] The Appellants' allegation that Lufthansa person-

---

2 **See** FED. R. CIV. P. 50(a).
3 **See Malone v. Microdyne Corp.** , 26 F.3d 471, 475 (4th Cir. 1994).
4 **See Harper v. Commonwealth**, 196 Va. 723, 733, 85 S.E.2d 249, 255 (1955); Merritt v. Commonwealth, 164 Va. 653, 658, 180 S.E. 395, 397 (1935).
5 **See McReynolds v. Commonwealth** , 177 Va. 933, 943, 15 S.E.2d 70, 74 (1941).

3

nel yelled at them, told them to "shut-up," and forced them to watch Lufthansa employees blow cigarette smoke into each other's face, does not rise to the level of assault. Words alone, no matter how grievous or insulting, are not sufficient to constitute an assault,[6] and merely observing cigarette smoke blown into a sibling's face does not create or threaten harm to the observer. The alleged action must indicate a present intent and ability to do bodily harm to the aggrieved party. Therefore, the district court did not err in directing a verdict for Lufthansa on the assault claims.

Further, the Appellants failed to present any evidence that Lufthansa's actions were willful and so outrageous that they exceeded all possible bounds of decency and were intolerable in a civilized society.[7] Liability arises only when the emotional distress is extreme and only where the distress inflicted is so severe that no reasonable person could be expected to endure it.[8] At best, the Appellants alleged conduct by Lufthansa employees that was rude and a poor business practice, but it was not so outrageous as to be actionable under Virginia law.

Finally, Moshari's claim that a flight attendant's blowing of smoke in her face constituted a battery is without merit. A battery does not exist under Virginia law unless a plaintiff alleges that a physical touching occurred and that damages resulted from the touching.[9] Moreover, a review of Virginia cases does not reveal one decision where second-hand smoke constituted a battery. Thus, the district court did not err in finding that Moshari failed to state a battery under Virginia law.

Furthermore, the Appellants' assertion that the jury should have

---

[6] **See Harper**, 196 Va. at 733, 85 S.E.2d at 252.
[7] **See Russo v. White**, 241 Va. 23, 27, 400 S.E.2d 160, 163 (1991).
[8] **See Russo**, 241 Va. at 27, 400 S.E.2d at 163; see also Ruth v. Fletcher, 237 Va. 366, 368, 377 S.E.2d 412, 413 (1989) (liability exists only where conduct is outrageous and intolerable in that it offends against generally accepted standards of decency and morality).
[9] **See Seegars v. Commonwealth**, 18 Va. App. 641, 644, 445 S.E.2d 720, 722 (1994).

4

been allowed to decide the issue of punitive damages is without merit. The Appellants presented absolutely no evidence that Lufthansa authorized or ratified the aircrew's alleged tortious actions, and in Virginia, a corporation must authorize or ratify the acts of its employees before punitive damages can be imposed upon it. [10]

Accordingly, we affirm the district court's orders to exclude evidence and to grant a directed verdict to Lufthansa on the Appellants' claims for assault, intentional infliction of emotional distress, punitive damages, and Moshari's battery claim. Additionally, we affirm the jury's verdict on Golesorkhi's battery claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

[10] <u>**See Freeman v. Sproles**</u>, 204 Va. 353, 358, 131 S.E.2d 410, 414 (1963).