# CIRCUIT COURT OF BEDFORD COUNTY

Clarence E. Payne

v.

First Union Bank

May 21, 1999

Case No. CL98009374-00

BY JUDGE JAMES W. UPDIKE, JR.

The captioned matter came to be heard on May 17, 1999, on defendant's demurrer to plaintiff's claims, as stated in his motion for judgment, for attorney's fees and punitive damages.

During the hearing of May 17, 1999, counsel for the plaintiff could not provide the court with any contractual or statutory authorization for recovery of attorney's fees, and in a ruling from the bench, I sustained defendant's demurrer as to plaintiff's claim for attorney's fees.

As to defendant's demurrer to plaintiff's claim for punitive damages, I *have reviewed the memorandum submitted by defendant, including the cases* of *AmSouth Bank v. Spigener*, 505 So. 2d 1030 (Ala. 1986), and *Cocoli v. Children's World Learning Centers, Inc.*, 41 Va. Cir. 589 (Fairfax County 1994), attached to the memorandum.

In his motion for judgment, plaintiff alleges that he was a customer of defendant, having a checking and a savings account with defendant, and that defendant honored forged checks drawn on his checking account.

Plaintiff further alleges that "defendant refused, and in bad faith, continues to refuse, to repay plaintiff for any amounts deducted from plaintiff's account relative to said converted checks." Pl. Motion for Judgment, p. 3. Plaintiff then requests in his motion for judgment that the court award "plaintiff punitive damages for defendant's unreasonable refusal to repay plaintiff." Pl. Motion for Judgment, p. 3.

100

In *AmSouth Bank*, the Supreme Court of Alabama interpreted and applied provisions of the Uniform Commercial Code by stating:

> Section 7-4-103(5), Article 4, dealing with bank deposits and collections, prescribes that "[t]he measure of damages for failure to exercise ordinary care in handling an item is the amount of the item reduced by an amount which could not have been realized by the use of ordinary care, and where there is bad faith, it includes other damages, if any, suffered by the party as a proximate consequence." Thus, if the check in question was not "properly payable" from Spigener's account, Spigener is entitled to a recredit of $25,000.00 to his account for a violation of § 7-4-401 by AmSouth, and if AmSouth acted in bad faith, consequential damages are likewise allowed. Punitive damages are not allowed under either of these UCC provisions … .

505 So. 2d at 1033.

Virginia has, of course, adopted the Uniform Commercial Code, and the code sections corresponding to those cited by the Alabama Supreme Court are § 8.4-103(5) and § 8.4-401 of the Code of Virginia.

In paragraph 6 of the official comment to § 8.4-103 of the Code of Virginia, the following is stated:

> Subsection (5) sets forth a rule for determining the measure of damages which, under subsection (1), cannot be limited by agreement. In the absence of bad faith, the maximum recovery is the amount of the item concerned. When it is established that some part or all of the item could not have been collected even by the use of ordinary care, the recovery is reduced by the amount which would have been in any event uncollectible. This limitation on recovery follows the case law. Finally, when bad faith is established, the rule opens to allow the recovery of other damages whose "proximateness" is to be tested by the ordinary rules applied in comparable cases. Of course, it continued to be as necessary under subsection (5) as it has been under ordinary common law principles that before the damage rule of the subsection becomes operative, liability of the bank and some loss to the customer or owner must be established.

Code of Virginia, Title 8.4, p. 371.

In his motion for judgment, plaintiff alleges bad faith on the part of the defendant but alleges no other legal or factual basis for recovery of punitive damages. It is apparent that under § 8.4-103(5) of the Code of Virginia, bad faith on the part of a bank defendant will allow a plaintiff customer to recover proven consequential damages, but not punitive damages, upon establishment of liability under § 8.4-401 *et seq.*

I therefore sustain defendant's demurrer as to plaintiff's claim for punitive damages.