## CIRCUIT COURT OF THE CITY OF RICHMOND

J. Ronald Nowland et al.

v.

Tri Core, Inc., et al.

April 28, 2000

Case No. LF-1196-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court on the defendants' demurrers to plaintiff's six-count motion for judgment and to a claim for punitive damages.

The essential facts pleaded are these. Plaintiffs, (collectively Nowland), an individual and a corporation with which the individual plaintiff is associated as a principal, claim that after setting up a retirement savings plan to be invested in defendant American General Life Insurance Company's (AGL) insurance policy and sponsored by defendant Tri Core, Inc., it was discovered that defendant Boomer, as agent for AGL and Tri Core, had converted the funds to his own use. The remaining defendant is Boomer & Associates, Inc., Boomer's employer. Hereafter, each count will be discussed along with any other pertinent facts. On demurrer, the court will consider the facts alleged as true for purposes of determining their legal sufficiency. *See Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382 (1997).

### Count I

The first count is for anticipatory breach of contract. Defendants AGL and Boomer demur, citing the Statute of Frauds and asserting that a claim for anticipatory breach is superfluous considering Nowland's additional claim for breach of contract. The court dispenses with the issue and does not address the plea of the statute of frauds.

Before retiring in 1996, plaintiff Nowland was the sole employee of Virginia Automobile Dealers Services, Inc. (VADS). In 1995, Tri Core and AGL, through Boomer as agent, marketed to Nowland a retirement plan funded with a life insurance policy issued by AGL and sponsored by Tri Core. Plaintiffs allege that Boomer represented that the retirement plan and the insurance policies used to fund it would operate as a tax-free plan for employees of participating employers such as VADS. Plaintiffs allege that Boomer represented that, if Nowland contributed $600,000 to the plan and the insurance policy to fund it, he would receive $3,500 per month beginning in January 2000 for the rest of his life. From June 1995 through September 1998, Nowland or Nowland Corporation contributed over $600,000 on Nowland's behalf to fund the AGL policy. Prior to the first scheduled payment of January 1, 2000, Nowland learned that Boomer could not account for approximately $450,000 and that the AGL policy was not an appropriate vehicle for a retirement plan. Nowland also learned that premiums and charges had consumed all but $20,000 of the cash value of the AGL policy. This case was filed before the guaranteed benefit would have been due.

AGL and Boomer assert that, to the extent Count I alleges they breached their agreement to provide Nowland a guaranteed retirement benefit in January 2000, such agreement was made on or before June 28, 1995, was unwritten, and is, thus, barred by the Statute of Frauds provision governing agreements not to be performed within one year. Additionally, defendants assert that plaintiffs' claim for breach of contract makes the claim for anticipatory breach improper in this case.

While parties enjoy the right to plead different theories of recovery against the same defendants, here, the claim for anticipatory breach does not stand under the facts and relief pleaded in the Motion for Judgment. In this case, a claim for anticipatory breach may have been brought before defendants' performance was due under the contract with alleged damages caused by the anticipatory breach, such as the cost to find an alternative vendor who could provide the same service as defendants under the contract at issue. However, once defendants' performance was past due and not fulfilled, plaintiffs' claims under the contract at issue are properly pleaded as breach of contract for failure to perform. *See generally Board of Supvrs. of Fairfax County v. Ecology One, Inc.*, 219 Va. 29 (1978).

The damages alleged in both the count for anticipatory breach and the count for breach are identical. In those counts, plaintiffs do not claim damages which were caused by the anticipatory breach and which were not the result of defendants failure to pay the proceeds beginning on January 1, 2000, the alleged breach. Therefore, the demurrer to Count I is sustained.

## Count II

This count alleges a breach of contract. Boomer and Boomer & Associates, Inc., lodge a demurrer to this count relying on the statute of limitations.

The Boomer defendants did not appear or present argument at the hearing. They say in their Demurrer that, based on an unwritten contract, Count II is barred by the applicable three year statute of limitations embodied in § 8.01-246(4).

However, the pleadings assert that, by his dealings, Boomer engaged in fraud to prevent discovery by Nowland of what was going on. Given these statements of facts, plaintiffs have set up facts which may constitute an obstruction to filing an action by concealment or fraud under § 8.01-229(D) (time obstructing filing of action not counted as part of period within which action must be brought). Accordingly, the Boomer defendants' demurrer to this count is overruled.

## Count III

AGL and the Boomer defendants demur to this count for breach of fiduciary duty on statute of limitations grounds. They assert this claim is barred by the applicable two year statute of limitations. As argued again here by Nowland, the Motion for Judgment asserts facts which, if proved, show active concealment or fraud preventing any claim from being asserted. Thus, the statute of limitations is tolled during that period. *See* Va. Code § 8.01-229(D) (1950). AGL and Boomer's demurrers to Count III are overruled.

Tri Core also demurs, raising the question of whether there was a fiduciary relationship between it and Nowland given its position as sponsor and administrator of the plan. Whether Tri Core can be liable vicariously for the fiduciary breaches alleged to have been committed by Boomer is the proper subject for later proof. Nowland has alleged sufficiently that a fiduciary relationship existed under the alleged contract and common law principles. Nowland further alleged that Boomer was Tri Core's agent and that Tri Core is liable as Boomer's principal for an alleged breach. Therefore, the pleas and demurrers to this count are overruled.

## Count IV

In their response to the count for negligence, defendants correctly observe that "[a] tort action cannot be based solely on a negligent breach of contract."

*Richmond Met. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 559 (1998). This has to be considered against plaintiffs' retort that their claims arise from an alleged breach of several common law duties independent of contractual obligations, including breach of implied warranties of the fitness of their agent and breach of the duty to act in good faith.

Considering the independent bases plaintiffs assert on brief, these cannot establish a basis for liability in tort nor do they allow a right of action. Accordingly, the defendants demurrer to this count is sustained.

## Counts V and VI

These counts allege constructive and actual fraud and misrepresentation. All defendants demur on the basis that all allegations of fraud lack sufficient particularity and that the allegations do not include misrepresentations of pre-existing facts.

"The elements of a cause of action for constructive fraud are 'a showing by clear and convincing evidence that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of his reliance upon the misrepresentation'." *Lumbermen's Underwriting v. Dave's Cabinet*, 258 Va. 377, 381 (1999) (*quoting Mortarino v. Consultant Eng'g Servs.*, 251 Va. 289, 295 (1996)).

The Motion for Judgment sufficiently alleges a claim for constructive fraud for the misrepresentations made by defendants to plaintiffs. Plaintiffs allege that defendants represented the plan as proper for a retirement plan as plaintiffs describe. Plaintiffs further allege that they relied on the representations and were damaged as a result. Whether the representations were made negligently or intentionally will be decided at trial.

The allegations set out sufficient detail for an understanding of the nature of the fraud alleged. Thus, contrary to defendants' assertions, the allegations of fraud are of sufficient particularity to withstand demurrer. Furthermore, the Motion for Judgment sufficiently alleges a concealment of material facts for the purpose of stalling plaintiffs from asserting their claims. The pleadings also allege facts which, if proven, show every constituent element for causes of action for fraud. Therefore, the demurrers to constructive and actual fraud are overruled.

## Punitive Damages

Finally, AGL has demurred to plaintiffs' claim for punitive damages. The court agrees with AGL's argument: a principal cannot be liable for punitive

damages without participation, authority, or ratification provided or given with respect to an agent's actions. *See Freeman v. Sproles*, 204 Va. 353, 358 (1963). As the Motion for Judgment does not sufficiently allege such a situation, the demurrer with respect to punitive damages is sustained.