## CIRCUIT COURT OF NELSON COUNTY

John C. Holland, Jr., et al.

v.

Jeffrey M. Kay
Allen Freight Services, Inc.,
and P.A.M. Transport, Inc.

Case No. CL 99-138

Jerm, Ltd.

v.

Jeffrey M. Kay
Allen Freight Services, Inc.,
and P.A.M. Transport, Inc.

Case No. CL 99-139

February 1, 2001

By Judge J. Michael Gamble

I am writing this letter to rule on the demurrers in the above cases. In this regard, I partially sustain and partially overrule the demurrers. My reasons are set forth below.

Under the allegations in these cases, which are accepted as being true for the purposes of these demurrers, Jeffrey M. Kay was the driver of a tractor-trailer truck which drove into the parking lot of a convenience store owned and/or operated by the plaintiffs. While in the parking lot, the truck

came into contact with a car wash building, a planter, and window washer unit. The pleadings allege that all of this property was severely damaged.

The plaintiffs allege that Kay operated "said tractor-trailer truck in a negligent, reckless, and wanton manner" at the time that the truck came into contract with the building and other property. The plaintiffs further allege that these acts were done as agent for the other defendants, Allen Freight Services, Inc., and P.A.M. Transport, Inc. The pleadings also allege that the actions of the defendants were "egregious, wanton, and malicious." Plaintiffs seek both compensatory and punitive damages.

The defendants have filed demurrers alleging that the allegations are insufficient to sustain a claim for punitive damages and alleging that the corporate defendants cannot be vicariously liable for the punitive damages of Jeffrey M. Kay, the driver. In order to create an issue of punitive damages where misconduct or malice has not been shown, a plaintiff must show that the defendant's conduct was of "such recklessness or negligence as evinces a conscious disregard of the rights of others." *Baker v. Marcus*, 201 Va. 905, 909, 114 S.E.2d 617 (1960). In order to award punitive damages the facts must justify a finding of "wanton negligence." *Puent v. Dickens*, 245 Va. 217, 220, 427 S.E.2d 340 (1993).

In the pleadings, the plaintiffs have alleged that Kay operated the tractor-trailer truck in a "wanton" manner when it collided with the car wash and other objects. Also, it is alleged that Kay attempted to leave the scene where this damage occurred. The Supreme Court of Virginia has stated that it is reluctant to allow punitive damages in "run-of-the-mill . . . cases." *Booth v. Robertson*, 236 Va. 269, 273, 374 S.E.2d 1 (1988). However, where the facts are sufficiently egregious, a jury will be allowed to consider punitive damages in an automobile accident case. *Booth, supra*, at 273. I find that the allegations in the pleadings in both cases are sufficient to allege the wanton conduct necessary to justify a punitive damage claim. See *Huffman v. Love*, 245 Va. 311, 427 S.E.2d 357 (1993), for fleeing the scene to justify punitive damages.

The corporate defendants also assert that they cannot be vicariously liable for the conduct of Kay which would justify punitive damages. I sustain this demurrer as to the corporate defendants, Allen Freight Services, Inc., and P.A.M. Transport, Inc.

In order to award punitive damages against a master or principal, the wrongful act of his servant or agent must be authorized or ratified. *Freeman v. Sproles*, 204 Va. 353, 358, 131 S.E.2d 410 (1963). The allegations in the motions for judgment do not allege that there was an express ratification or authorization of the tortious conduct of Kay. The allegations only set forth that he was an employee and/or agent of the corporate defendants. These

allegations are not sufficient for punitive damages because they do not allege that the corporate defendants ratified or authorized the tort committed by Kay. Accordingly, the demurrer is sustained.

I grant to the plaintiff in each case permission to amend the motion for judgment to allege that the tortious conduct of Kay was ratified and authorized by the corporate defendants. This must be filed within 21 days after the order is entered which sets forth the rulings in this letter. Thereafter, defendants will have 21 days to file any responsive pleadings to the amended motion for judgment.